# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:05CV156

| | |
|---|---|
| BARBARA BROOKS & DENNIS D. BROOKS,<br>　　　Plaintiffs<br><br>vs.<br><br>FERRIS BAKER WATTS, INC., et al.,<br>　　　Defendants. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Defendants' Motion to Dismiss" and brief in support thereof (Document Nos. 3 and 4) filed August 9, 2005, by Ferris, Baker Watts, Inc., Scott & Stringfellow, Inc., and Joseph Owen; the "Response to Defendants' Motion to Dismiss" (Document No. 16) filed by Plaintiffs Barbara Brooks and Dennis Brooks on October 6, 2005; and the "Defendants' Reply to Response to Motion to Dismiss" (Document No. 20) filed October 20, 2005.

The Court heard oral argument on the Defendants' motion on August 24, 2006. The parties have consented to magistrate jurisdiction under 28 U.S.C. § 636(c), and this matter is now ripe for disposition. Having carefully considered the parties' arguments and the record, the Court will grant the Defendants' motion to dismiss, and confirm the arbitration award in favor of the Defendants. The Court will decline to award the Defendants costs and expenses.

The Plaintiffs seek to vacate an arbitration award dated January 14, 2005, dismissing their consolidated claims against the Defendants pursuant to section 10 of the Federal Arbitration Act ("Act"), 9 U.S.C. § 10. Rather than file a motion to vacate as provided by the Act, the Plaintiffs filed

1

a complaint in this Court on April 14, 2005, alleging several instances of panel misconduct and circumstances they contend warrant vacation of the panel's award. Although the Plaintiffs filed their complaint within three months of the award being issued, they did not serve notice of this action on the Defendants until July 15, 2005, six months following the issuance of the panel's award.

The Defendants move to dismiss the Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir.1992), *cert. denied*, 510 U.S. 828 (1993), *citing* 5A C. Wright & A. Miller, *Fed. Practice and Procedure* §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996)(en banc), *citing Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989); and *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969). *Accord Republican Party of NC*, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming the factual allegations to be true. *See, e.g., Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); and *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

The Defendants contend that the Plaintiffs' complaint is time barred because the Plaintiffs failed to serve notice on them within three months after the arbitration award was filed as required by 9 U.S.C. § 12. The Plaintiffs contend that the three-month limitation period was tolled by their filing of a motion to re-open the arbitration with the arbitration panel. The Court disagrees with the Plaintiffs.

The Federal Arbitration Act states, in part, that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This limitations period serves two purposes: (1) it ensures opposing parties are informed of litigation within a reasonable time period; and (2) it furthers Congressional intent to "make arbitration a fast, efficient and inexpensive substitute to litigation in federal court." *McClelland v. Azrilyan*, 31 F.Supp.2d 707, 711-12 (W.D.Mo. 1998). Moreover, Congress did not provide for any due diligence or tolling exceptions to the three-month limitation period for motions to vacate under the Federal Arbitration Act. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).

In *Nelson*, Taylor failed to make a timely motion to vacate in the district court, electing instead to ride out a collateral proceeding in New York state court. *Nelson*, 788 F.2d at 225-26. By the time the state court chose to defer to the prior jurisdiction of the federal district court, the three-month limitation period for moving to vacate the award had expired. *Id*. Thereafter, Taylor filed a motion to vacate in the district court, and Nelson filed a motion to confirm the award and to dismiss the federal action. *Nelson*, 788 F.2d at 223. The district court rejected Nelson's claim that the motion to vacate had not been timely filed and vacated the arbitration award. *Nelson*, 788 F.2d at 223. The Fourth Circuit vacated the district court's order stating,

3

> During the pendency of the New York proceeding, however, nothing prevented Taylor from making a timely motion to the district court. Instead, Taylor awaited the state court's jurisdictional ruling, a choice that caused him to wait longer than three months before he made a motion to vacate, and a decision that has proven fatal to his attempt to overturn the arbitration award. Taylor remained free at all times to pursue the statutory remedy of § 12 within the time limits set out by that statute, and he is not entitled to the benefit of any due diligence or tolling exceptions to the three-month rule, even if such exceptions exist.

*Nelson*, 788 F.2d at 225-26. The Court expressly did not consider whether due diligence or tolling rules are proper exceptions to the limitations period because it concluded that Taylor had not acted diligently and that nothing prevented him from making a timely motion to vacate in the district court. *Nelson*, 788 F.2d at 225-26.

The court in *McClelland v. Azrilyan*, 31 F.Supp.2d 707 (W.D.Mo. 1998) reached the same result and rejected one of the precise arguments made by the Plaintiffs in this case. There it was argued that a motion to reopen the arbitration pending before the NASD constituted due diligence which excused a party's failure to comply with the time limits of 9 U.S.C. § 12. The court disagreed and denied the motion to vacate the arbitration award because the party had not offered any reason why he could not have filed a motion in federal court before the expiration of the three-month time limit at the same time he was also pursuing relief with the NASD. *McClelland*, 31 F.Supp.2d at 710.

The reasoning applied in *Nelson* and *McClelland* applies with equal force to the instant case. The Plaintiffs provide no persuasive reason why they did not serve notice on Defendants within the limitations period. The pendency of their motion to reopen the arbitration before the NASD did not prevent them from complying with the Act's notice requirement in federal court, and there are no recognized due diligence or tolling exceptions to the limitation period. Indeed, many courts have expressed their skepticism that any such exceptions exist. See *McClelland v. Azrilyan*, 31 F.Supp.2d 707, 710 (W.D.Mo. 1998); *Sanders-Midwest, Inc. v. Midwest Pipe Fabricators, Inc.*, 857 F.2d 1235

4

(8th Cir. 1988); *Taylor v. Nelson*, 788 F.2d 220, 225-26 (4th Cir. 1986); *Piccolo v. Dain, Kalman & Quail, Inc.*, 641 F.2d 598, 600-01 (8th Cir. 1981).

Even if such exceptions do exist, however, the mere fact that the Plaintiffs filed this action within three months of the panel issuing its award is not sufficient to excuse the Plaintiffs' failure to timely serve notice. *See Franco v. Prudential Bache Securities, Inc.*, 719 F.Supp. 63, 65 (D.P.R. 1989). *Franco* was an action brought under Title 9 of the United States Code seeking to vacate an arbitration award issued in favor of the defendant. The defendant moved for a summary judgment arguing that the Plaintiff's notice under 9 U.S.C. § 12 had been untimely. The Plaintiff argued that he was entitled to a due diligence exception to the three-month limit on notice because he had *filed* his motion to vacate within three months of notification of the arbitration award. The court rejected this argument and stated that "the mere fact that [the plaintiff] filed a court action prior to the running of the time period is not enough–the statute explicitly requires notice." *Franco*, 719 F.Supp. at 65.

This Court is aware of the unusual circumstances surrounding the arbitration hearing held on January 6, 2005. It is not without sympathy to the Plaintiffs. However, a ruling in favor of the Plaintiffs on the Defendants' motion to dismiss would render the statute meaningless and undermine the purposes of the three-month notice requirement in 9 U.S.C. § 12. Like the plaintiff in *Franco*, the Plaintiffs here have alleged no facts indicating that they made an effort to comply with section 12, or that they were in any way prevented by the Defendants from complying with the statute, or that they asked the Court for assistance in effectuating service.

Construing the amended complaint in the light most favorable to the Plaintiffs, therefore, the Court finds that the Plaintiffs would be entitled to no relief under any state of facts which could be

proved in support of their claims. Therefore, in accordance with the authorities cited herein, the Court will grant the Defendants' motion to dismiss, in part, and confirm the arbitration award.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss (Document No. 3) is hereby **GRANTED in part, AND DENIED in part.** The Plaintiffs' amended complaint is **DISMISSED WITH PREJUDICE**. The Defendants' request for costs and expenses is **DENIED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** in favor of Defendants Ferris, Baker Watts, Inc., Scott & Stringfellow, Inc., and Joseph Owen, is hereby **ENTERED** against the Plaintiffs Barbara Brooks and Dennis D. Brooks, in accordance with the NASD arbitration award served on January 14, 2005.

Signed: August 25, 2006

David C. Keesler
United States Magistrate Judge